## NICHOLAS HUNSAKER, Respondent, v. R. E. BORDEN, Treasurer of Contra Costa County, Appellant.

The Act of February, 1855, to fund the debt of Contra Costa County, and which provides that all indebtedness of the county prior to the first day of February, 1855, shall be paid only by funding it, does not impair the obligation of contracts, and is not therefore unconstitutional.

The obligation to pay is acknowledged by the Act, and the plaintiff's right to receive the whole amount of his debt is unaffected. The only charge made is in the mode and time of payment.

A County Government is a portion of the State Government, and the county debt, created by authority of law, is a part of the public State debt, and in the same manner, as there is no remedy against the State, there may be none against the county.

A county is not a person in any sense—it is not a corporation. It cannot sue or be sued, except where specially permitted by statute, and such permission can be withdrawn or denied at any time the Legislature may think proper.

Where the State has passed an Act to fund the indebtedness of a county the holders of warrants on the County Treasury are not compelled to accept bonds for them, or in other words to fund them; they are simply left unprovided for in any other way.

APPEAL from the District Court of the Seventh Judicial District, Contra Costa County.

The opinion of the Court contains the facts.

*H. Mills*, for Appellant.

In support of the appeal cited Purdy *v.* The People, 4 Hill, 393. 2 Kent's Com., 272, 274, 305. Smith *v.* Morse, 2 California, 524. Ch. on Cont., 15. Livingston *v.* Rogers, 1 Caines, 483. Tucker *v.* Woods, 12 Johns., 190. Keep *v.* Goodrich, 12 Johns., 397. Wood *v.* Edwards, 19 Ib., 205. Ang. and Ames on Corp., § 17, 18, 19. Ramford *v.* Wood, 13 Mass., 192. Wilcock on Municipal Corp., Pt., 1, § 852. Terret *v.* Taylor, 9 Cranch, 43. Dartmouth College *v.* Woodward, 4 Wheat., 518, 629, 663. 1 Cowen's Treatise, 252. 2 Campb., 329. Livingston & Nicholson *v.* Moore, 1 Baldwin's C. C. R., 429. Cook *v.* Satterlee, 6 Cow., 108. 1 Hill, 256. 23 Wend., 71. 9 Johns., 120. 19 Ib., 144.

*John Currey*, for Respondent.

The Act of February, 1855, providing for the funding of the debt of the County of Contra Costa, is unconstitutional, because its operation is to impair the obligations of contracts. See Fletcher *v.* Peck, 6 Cranch, 87. McCullough *v.* Maryland, 4 Wheat., 316 Golden *v.* Prince, 3 Wash, C. C. R., 313. Smith's Com. on Const. Law, § 252. 13 Mass., 1. 15 Ib., 447. 8 Ib., 423. Green *v.* Biddle, 8 Wheat., 84. McCracken *v.* Hayward, 2 How., 608. Ogden *v.* Saunders, 12 Wheat., 256. Wilkinson *v.* Leland, 2 Pet., 657. Sturgis *v.* Crowninshield, 4 Wheat., 122.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The plaintiff obtained a mandamus compelling the defendant, as Treasurer of Contra Costa County, to pay him the amount of certain warrants on the County Treasury, drawn by the proper authority in the year 1853.

The defense set up is, that by an Act passed February, 1855, to fund the debt of Contra Costa County, it is specially provided that all indebtedness accruing or to accrue up to April, 1855, may be funded— that all balances in the Treasury at the end of the fiscal year shall be transferred to the credit of the Sinking Fund, and that it shall not be lawful for the County Treasurer to pay or liquidate any of the indebtedness of said county which accrued prior to the first day of February, 1855, in any other manner than in the Act provided—that is by funding.

This defense is complete, unless as is maintained by the plaintiff—the last cited provision of the Act is unconstitutional. In order to sustain this position, it is charged that the Act impairs the obligation of contracts. It is difficult to see how, by the act in question, the obligation of the contract is at all impaired; on the contrary, the obligation to pay is fully acknowledged, and the plaintiff's right to secure the whole amount of his debt is unaffected. The only change made is in the mode and time of payment. This seems to be regarded by the respondent as a change in the remedy so material as to affect the right, and we are referred to authorities which hold that the Legislature can not alter a remedy so as to make the right scarcely worth pursuing.

37

The mistake in the argument is in supposing that the plaintiff had any remedy whatever at any time. A county is not a person in any sense—it is not a corporation. It cannot sue or be sued, except where specially permitted by statute, and such permission can be withdrawn or denied at any time the Legislature may think proper. A County Government is a portion of the State Government, and the county debt created by authority of law, is a part of the public State debt, and in the same manner as there is no remedy against the State, there may be none against the county. The sovereign cannot be sued, in whatever form she may owe, whether through her own principal Treasury or one of her subordinate treasuries, unless by her own consent. Her creditors have nothing to rely upon except her good faith, and she has equally the power to postpone the time of payment, or to refuse to pay at all.

In the present case the State has exercised a legitimate and unquestionable power. She has provided to fund the debt of one of her subordinate governments, after a review of its condition, in a manner which protects the debtor from loss, and which will in time relieve the County Treasury from its burden of indebtedness by a plan which indicates the soundest Legislative wisdom.

The holders of the warrants on the County Treasury are not compelled to accept bonds for them, or in other words, to fund them; they are simply left unprovided for in any other way. It would amount to the same thing if the State Legislature merely repealed the Act giving the county authorities power to levy and collect tax upon that portion of her citizens.

The power to tax is one of the highest attributes of sovereignty, and may or may not be, exercised at the will of the sovereign. Without such will, and its full and explicit expression, there are no obligations arising, from laws or constitutions, or circumstances which can produce it.

The judgment is reversed.