ALVIN W. BAILEY AND WILLIAM TINKLER v. LENNA E. WRIGHT BY HER NEXT FRIEND.

*Levy.*

A levy effected by committing a trespass is bad.

Error to Barry. Submitted June 12. Decided June 18.

REPLEVIN. Defendants bring error.

*C. G. Holbrook* and *J. Carveth* for plaintiffs in error.

*Sweezey & Knappen* for defendant in error. An attachment made by means of a trespass is unlawful. *Swain v. Mizner*, 8 Gray, 182.

CAMPBELL, C. J. Defendant in error replevied a piano from plaintiffs in error, who defend on the ground that she purchased from one Ackley, and that the purchase was void as against a levy made by them upon an attachment against him.

Several questions are presented on the record, but inasmuch as the only defense was under the levy, the validity of that is the first matter to be considered.

The defendants by their own testimony showed that while Ackley was temporarily absent, and his house, where his wife was present at the time, was locked up, they broke into it by violence and seized the piano upon the writ.

It is admitted this was a trespass, but it is claimed the levy may be a good levy in spite of the wrongful acts by which it was accomplished.

We think this is too dangerous a doctrine to be tolerated. Public policy requires above all things that courts and officers executing their process shall respect the lawful rights of all persons. The practical permission which over-zealous officers would receive to commit wrongs with substantial impunity, if their levies should be held good without regard to the manner of their enforcement, would remove every check on lawlessness. To hold that an act is lawful which may be lawfully resisted is absurd. Such misconduct should neither be justified nor winked at. Any officer who breaks the law should be held to be entirely without excuse, and as fully responsible as any other malefactor.

The doctrine on this subject is so fully discussed in *Ilsley v. Nichols*, 12 Pick., 270, and *People v. Hubbard*, 24 Wend., 369, that we need not go into any further investigation. The doctrine is sensible and just, and is the only one whereby private safety and public peace can be preserved. There can be no respect for courts and their process if their ministers are upheld in violations of law, or if they can be lawfully opposed in exercising their functions, as they may be if such levies are held valid.

As the defense entirely failed, it is not important what rulings were made on other points. Judgment must be affirmed with costs.

The other Justices concurred.