JNO. D. MAXTED ET AL. v. RICHARD A. SEYMOUR, JR.

*Contract—Extrinsic evidence—Rebuttal on recoupment.*

1. A building contract referred to plans and specifications to be thereafter signed. They were not in fact signed although agreed upon. *Held,* that in an action on the contract the unsigned specifications were admissible, as well as testimony showing " what kind of a front the building was to have," and other evidence of what had been agreed on. It was in explanation of the contract and not in contradiction of it.

2. In an action by builders upon a building contract which provided for alterations, the inferiority of material used was shown in recoupment. It also appeared that many changes had been made under defendant's direction. *Held,* within the court's discretion to admit testimony in rebuttal as to quality.

3. Where the parties to an action on a building contract agree to submit the case to a jury without argument or instructions when the jury have inspected the work, they can hardly except to any rulings except such as relate to the contract.

Error to Manistee. (Judkins, J.)    Jan. 14.—Jan. 28.

ASSUMPSIT. Defendant brings error. Affirmed.

*A. V. McAlvay* for appellant.

*Ramsdell & Benedict* for appellee.

SHERWOOD, J. The plaintiffs are builders in the city of Manistee, and brought the suit in this case to recover for a balance claimed to be due to them for the erection of store buildings. The declaration counted upon a certain written contract under which the work was to be done, and the com-

of what the specifications and plans agreed upon and talked. mon counts were added. The contract provided that the building should be built and finished according to certain plans and specifications which were to be made and signed by the parties, but which never were signed by them, although they were talked over and agreed upon, and marked upon a board, and were well understood by the parties at the time the contract was executed. The price agreed upon for the work was $3628. And it was further provided by the contract that the defendant might require such changes, alterations and additions to be made as he desired, and that a corresponding increase or deduction should be made in the contract price as should be reasonable therefor. The declaration avers that the building was constructed in manner as required by the contract, and changes made by the defendant, and that afterwards the parties accounted together and found the plaintiffs entitled to $360.11 over and above the $3628. The defendant pleaded the general issue, and claimed by way of recoupment damages for alleged defects in the performance of the work, and in its construction. The cause was tried before a jury, who found the plaintiffs entitled to recover the sum of $744.63, and rendered a verdict accordingly.

The defendant brings the case into this Court by writ of error, relying upon the claimed erroneous rulings of the court on the admission of testimony for a reversal of the judgment. The court allowed the plaintiffs to put in evidence specifications not signed by the parties, but such as were claimed to have been agreed upon by them when the contract was made ; also testimony as to "what kind of a front the building was to have." This testimony was objected to on the ground that these things occurred before the written contract was made, and that the testimony contradicted the written contract. We do not think the objection well taken. Without this testimony the contract was imperfect. The plans and specifications were already understood, but had not been written out by the architect. It was no fault of the plaintiff that they were not, and the only evidence of what they were, was given, and it was proper. The other evidence

over between the parties previous to signing the contract were, and which is the subject of the defendant's sixth and seventh assignments of error, was also proper for the same reason.

Counsel for defendant, under their plea of recoupment, gave testimony tending to show that poor lumber was used in a particular part of the work; that the doors were not made of first-class material; and that the hard-wood flooring was not such as it should have been; and the plaintiffs were permitted to put in rebutting testimony upon these subjects. The defendant claimed that this was improper. We cannot accede to this view. It appears from the record that many and material changes were made in the construction of the building from those contemplated and agreed upon when the contract was signed, some of them requiring a different character of work,—a different front was ordered, and the interior changed from that of a store to that of a bank,—and that the work was all done under the supervision and direction of defendant and his architect. Under such circumstances, we think the rebutting testimony offered and received was properly under the contract, and within the discretion of the court.

There is, however, another view of this case presented by the record, which renders several of the exceptions we have just noticed of no importance. After the testimony had been taken, at the suggestion of counsel for the defendant, the jurors, under the charge of the sheriff, were permitted to view the building and work complained of by the defendant. On their return to the court-room, the cause, by agreement of the parties, without argument by counsel or charges from the court, was submitted to them for consideration and verdict, with the result above stated. It is difficult to see, after such a submission agreed to by the parties, upon what ground either could except to the rulings of the court other than those relating to the contract of the parties. We find no error in the record, and

The judgment must be affirmed.

The other Justices concurred.