DOTTERER, trustee, *et al. v.* BOWE *et al.*

| 84  | 769 |
|-----|-----|
| 88  | 149 |
| 84  | 769 |
| 1C0 | 348 |
| :00 | 356 |

Without express authority by statute, a county is not subject to gar-
nishment. To imply such authority is contrary to public policy.

(a) Perhaps a creditor of a county not an officer of it, whose claim is
not on account of fees or salary due such officer, might be com-
pelled by his own creditor to assign to him such claim, the assignee
being authorized to collect the debt in the manner provided by the
code, §§506, 507.

SIMMONS, J., dissenting.

July 7, 1890.

Garnishment. Counties. Public policy. Debtor
and creditor. Assignment. Before Judge ADAMS..
Chatham superior court. March term, 1889.

The plaintiffs, judgment creditors of Bowe *et al.*, sued!
out garnishments against Chatham county, which an--
swered, admitting indebtedness to Bowe on his contract:
for building a jail, subject to demurrer because it was:
not subject to garnishment. On the hearing, the judge·
sustained the demurrer and dismissed the garnishment,.
holding that the county was not subject thereto, and
citing 81 *Ga.* 796. The plaintiffs excepted.

CHISHOLM & ERWIN and W. R. LEAKEN, for plaintiffs..
J. R. SAUSSY, for defendants.

BLANDFORD, Justice.

The question in this case is, whether a county is:
liable to be garnished under the laws of this State for·
a debt which it owes to a person not an officer of the·
county. Section 3536 of the code; which prescribes:
how the summons of garnishment shall be issued and
directed, says it shall be "directed to the *person* sought·
to be garnished," and no one else. There is no direct
authority given in the code to authorize a county to be·
garnished. This court held in the case of *The County*
*of Monroe* v. *Flynt,* 80 *Ga.* 490, that "the liability of"
the county to be sued for damages is a statutory liability.

v 84-49

There is no liability on the county for any cause whatever, except such as created by statute. Counties are not liable at common law; and it is for the reason that the several counties of the State are political divisions, exercising a part of the sovereign power of the State; and they cannot be sued except where it is so provided by statute." Again, it is provided in sections 506, 507 of the code that "the ordinaries must audit all claims against their respective counties, and every claim or such part thereof as may be allowed, must be registered, and he or his clerk must give the claimant an order on the treasurer for the same, and in the order he shall specifically designate upon what particular fund such order is drawn, and out of which payment is to be made." "All claims against counties must be presented within twelve months after they accrue or become payable, unless held by minors or other persons laboring under disabilities, who are allowed twelve months after the removal of such disability." In the case of *Powell* v. *The County of Muscogee*, 71 *Ga.* 587, this court held that where the requirement of section 507 had not been complied with, a nonsuit was properly awarded. So we think that the system provided by law for the payment of claims against counties must be adopted in all cases. We do not think that this system can be preserved by allowing counties to be garnished. Indeed, we are satisfied from the preponderance of decisions by the courts of this country that a county cannot be garnished except where it is expressly authorized by statute. The same considerations that exempt officers of the National and State governments from the process of garnishment and the like as far as the public funds entrusted to them are concerned, apply with equal force to counties and their officers. Counties are created for the purpose of government and the administration of justice. In the case of Hunsaker v. Borden, 5 Cal.

290, it was held that "a county is not a person in any sense—it is not a corporation. It cannot sue or be sued, except where specially permitted by statute; and such permission can be withdrawn or denied at any time the legislature may think proper. A county government is a portion of the State government, and the county debt created is a part of the public State debt, and in the same manner as there is no remedy against the State, there may be none against the county. The sovereign cannot be sued, in whatever form she may owe, whether through her own principal treasury, or one of her subordinate treasuries, unless by her own consent. Her creditors have nothing to rely upon except her good faith; and she has equally the power to postpone the time of payment, or to refuse to pay at all." See also the cases of Ward v. County of Hartford, 12 Conn. 404; Chealy v. Brewer, 7 Mass. 259; McDougal v. Board of Supervisors of Hennepin County, 4 Minn. 184; Gilman v. Contra Costa County, 8 Cal. 52; Garnishees of Brashears v. Root, 8 Md. 95; Bulkley v. Eckert, 3 Pa. St. 368; Wallace v. Lawyer, 54 Ind. 501, s. c. 23 Am. Rep. 661; Williams v. Boardman, 9 Allen, 570; Freeman on Executions, §133; Drake on Attachments, §336; Boon County v. Keck, 31 Ark. 387; Randolph v. Ralls, 18 Ill. 29. In McDougal v. Board of Supervisors of Hennepin County, 4 Minn. 189, above cited, Flandrau, J., in delivering the opinion of the court, says: "Counties are public corporations, and their officers are public officers. The varied relations which such bodies, through their officers, hold towards individuals as their debtors, would render them liable to be constantly attacked with such process, and would very materially embarrass them in the performance of their duties. If they are subject to such suits, they are bound to give them the same attention which is required of private individuals, and this would involve their attend-

ance upon distant courts, and the consequent absence from their respective offices. It would also very much embarrass them in their accounts, as each indebtedness disclosed would necessarily suspend the payment of the sum until the decision of the litigation between the principal parties, which might be protracted for years. Public policy cannot tolerate such an obstacle to the exercise of official duties as this rule would necessarily be, should it be allowed to obtain." See the case of Divine v. Harvie, 18 Am. Dec. 203.

So we think that, as no express authority is granted by statute to authorize this process against counties, public policy forbids us to hold that such a grant exists by implication. There is authority which would perhaps authorize the creditor of one who holds a debt against a county to compel his debtor to assign his claim against such county to such creditor, and perhaps this might be done in this State ; and in such a case the assignment would operate to authorize the assignee to collect the debt out of the county in the way and manner provided in sections 506, 507 of the code, provided the creditor of the county was not an officer of the same, and the indebtedness of the county to such creditor was not on account of fees or salary due such officer. See Knight.v. Nash, 22 Minn. 452 (1876).

Let the judgment of the court below be    *Affirmed.*