CONNOLLY *v.* THE THURBER WHYLAND COMPANY *et al.*

| 92 | 651 |
|----|-----|
| 95 | 749 |
| 92 | 651 |
| 100 | 350 |

1. For reasons of public policy, neither the chief nor any member
of the municipal police of a city or town is subject to garnish-
ment for effects which come to his hands by color of his official
authority and without the consent of the owner, whether he ob-
tains them lawfully or unlawfully.

2. The pendency of the garnishments against the plaintiff present-
ing no legal reason for enjoining the action brought against him
by Cooper to recover the property taken from him, and it appear-
ing from the pleadings and evidence submitted to the judge be-
low that the plaintiff had a complete and perfect defence, by an-
swer, to each of the several garnishments, there was no error in
denying the prayers for injunction and interpleader.
November 6, 1893.

Petition for injunction and interpleader. Before
Judge MARSHALL J. CLARKE. Fulton county. July 5,
1893.

In March, 1893, Cooper was arrested by a policeman
of the City of Atlanta, upon the charge of violating an
ordinance of that city by being drunk and disorderly,
was carried to the station-house, and the property on
his person (consisting of money, promissory note, purse,
pistol and watch; total value about $540) was taken
from him and delivered to Connolly, who was chief of
police. While thus holding the property, Connolly was

served with summonses in the following suits against
Cooper:   Action on promissory note for $85.25 with
interest, in favor of Boynton, returnable to a justice's
court March 28, 1893 ; action on account for $66.46 in
favor of the Thurber Whyland Co., returnable at the
same time and place; action on account for $41.86 in
favor of Block, returnable to another justice's court
March 28, 1893 ; action on account for $182.65 in favor
of Brunner, returnable to the March term, 1893, of the
city court of Atlanta ; action on note for $584 54 in
favor of Tidwell & Pope, returnable to the May term,
1893, of the city court; and action in favor of Oglesby
& Meador Grocery Co., returnable to the March term,
1893, of the superior court.   Cooper brought an action
of bail-trover in the city court, to recover the property
so taken from him, and Connolly gave the bond therein
required.   He answered the garnishments issued from
the justices' courts, setting up that he had possession of
the property mentioned, which was taken from Cooper
" in the process of examination made of him prior to
being put in the city prison," he having been arrested,
etc.; that respondent took said property from Cooper
and held the same in his official capacity as chief of
police of the city, and was in no way interested therein ;
and that Cooper had sued him therefor in bail-trover.
He further set forth that he had been served with the
garnishments in the other cases mentioned, and prayed
that he be protected and discharged.   Upon these an-
swers the justices rendered judgments in favor of the
plaintiffs against Connolly as garnishee, and he obtained
a writ of *certiorari* in each case, returnable to the Sep-
tember term, 1893, of the superior court.   On April 18,
1893, he brought his petition for injunction against the
enforcement of the judgments so rendered against him,
and against the further prosecution of the other suits,
and for an order requiring Cooper and the other parties

mentioned to interplead among themselves as to the proper disposal of the property in question. He alleged that the garnishments were invalid, being in effect garnishments upon a municipal corporation; that on the facts stated, he was an innocent stakeholder, and came into possession of the property in the regular discharge of his duties as a public officer of the city, and was in danger of being required to pay out more than the value of the property, besides being put to the expense of litigating with the several plaintiffs, which burden and expense were not properly chargeable to him, etc. He also prayed for a rule requiring the plaintiffs to show cause why he should not be permitted to pay over to the clerk, or other receiver to be named by the court, the money and other effects, and then be discharged; and asked for an allowance of $50 out of the fund in his hands, for counsel fees. Answers to this petition were made by Cooper, Boynton and Block. Cooper alleged, in brief, that he was forcibly and illegally deprived of the property on his person, and that the officers who took it from him were mere trespassers and had no right to hold it against his demand; that his person was searched and the property taken against his protest; that there would have been no garnishment if the officers had not violated the law of the State by so taking possession, and they alone were chargeable with the trouble, expense and costs of the garnishments; and that there was no equity in the petition, and no reason why he should be hindered in his suit. Boynton and Block answered, among other things, that the garnishments were against Connolly personally, and not as chief of police or as representing the city; and they denied that the property was turned over to him as a representative of the city, or that the city was responsible for the same. The court denied the prayers of the petition, and Connolly excepted.

J. A. ANDERSON and FULTON COLVILLE, for plaintiff.

BIGBY, REED, BERRY & FOOTE, H. M. PATTY, CULBERSON & HUNT, HAYGOOD, LOVETT & PLYER, J. T. PENDLETON, J. W. COX and MAYSON & HILL, for defendants.

LUMPKIN, Justice.

1. It can scarcely be doubted that where one charged with drunkenness and disorderly conduct is arrested by a policeman in a city, it is the duty of the officer, if the prisoner is so intoxicated as to be incapable of properly caring for money or other valuables on his person, to take possession of the same for safe-keeping and for the purpose of restoring them to the owner upon, or before, his discharge from custody. This duty might also devolve upon the arresting officer in some cases when the prisoner was not intoxicated; as, for instance, when he was about to be confined among other prisoners who might steal from him the articles in question.

In the view we take of the law applicable to the case before us, however, it is entirely immaterial whether Cooper was or was not intoxicated, or whether he was deprived of his money and other valuables lawfully or unlawfully. In neither event was the officer who first took possession of the property, or his superior officer to whom it was afterwards delivered, liable to the process of garnishment at the instance of Cooper's creditors. In a case of this kind, the property is *in custodia legis*, and it is contrary to public policy that an officer of a court, or of a municipal corporation, be subjected to the process of garnishment under such circumstances. See Kneeland on Attachment, §410; Mechem on Pub. Off. & Off'rs, §§875, 876; Drake on Attachment (7th ed.), §509b. The doctrine laid down by these textwriters is supported by Morris *v.* Penniman, 14 Gray, 220; s. c. 74 Am. Dec. 675; Commercial Exchange Bank *v.* McLeod, 65 Iowa, 665; Robinson *v.* Howard,

7 Cush. 257. And the same conclusion is announced in 8 Am. & Eng. Enc. of Law, 1132–1135, under the title " Garnishment." The reason for the rule is, that public corporations are created for the public benefit, and public policy demands that such bodies and their officers should not be subjected to such inconvenience and delay as would prevent that prompt and efficient discharge of official duties so necessary to the public welfare. In this connection, attention is called to the apt and appropriate language of Chief Justice BLECKLEY in *Born et al.* v. *Williams & Bro.*, 81 *Ga.* 798. A very strong case in point is that of Davies v. Gallagher, defendant, and Cassidy, garnishee, reported in 17 Phila. Rep. 229. We have not quoted from any of the authorities above cited; but any one who will take the pains to examine them cannot fail to be convinced that our judgment in the case at bar is correct. Besides the authorities above mentioned, many others to the same effect could doubtless be found.

Exemption from the process of garnishment is not for the benefit of the officer, but for the benefit and protection of the public, whose interest it is that he shall not be subjected to the necessity of leaving his post of duty to answer in a proceeding in which he has no official concern. The present case affords a striking illustration of the necessity of a rule of this kind. It is obvious, without elaboration, that to attend to the numerous lawsuits (mentioned in the reporter's statement) now pending against Connolly, the chief of police, must necessarily require a very large portion of his time and attention which should be devoted to the public service; and if he were liable to garnishment in every case of this kind which might arise, it is easy to perceive that he would be subjected to constant danger of heavy personal loss, or else be forced to seriously neglect his official duties. The former would be a great hardship upon

him, and the latter a serious and entirely unwarranted hardship upon the public. The policy of the law forbids that either of these things should occur.

It will be observed we have not touched upon the question as to whether or not a policeman would be liable to the process of garnishment in a case where a prisoner voluntarily deposited with him money, or other valuables, for safe-keeping. Nor is it necessary, in the present case, to decide this question. It distinctly appears that Cooper's property was taken from his possession without his consent, and that the taking of the same by the officer was under color of his official authority.

2: It follows conclusively from what has been said, that Cooper had a plain and undoubted right to maintain the action of trover brought by him for the recovery of his property; and it has also been made apparent that Connolly, by an answer in each case simply setting forth the facts under which he came into possession thereof, had a complete and perfect defence to the several garnishment suits brought against him. Consequently, there was no good reason to enjoin the action brought by Cooper, or to require the several plaintiffs in the garnishment suits to interplead with each other, and the court was therefore right in denying the prayers in Connolly's petition for injunction and interpleader.

*Judgment affirmed.*