LEAKE & VANDIVANDER *et al. v.* LACEY.

A municipal corporation is not subject to be garnished for money due by it to a contractor for constructing a sewer or other public work, although such work had been fully completed before the time when the garnishment was served, and the indebtedness of the municipality was for a balance then due the contractor. Public policy requires that such corporations shall be exempt from the process of garnishment.

April 8, 1895. By two Justices. Brought forward from the last term.

*Mandamus.* Before Judge JANES. Polk superior court. February term, 1894.

THOMPSON & RAMSAUR and W. F. TURNER, for plaintiffs in error. SANDERS & DAVIS and IRWIN & BUNN, *contra.*

LUMPKIN, Justice.

This case turns upon the question whether or not a municipal corporation is subject to the process of garnishment sued out for the purpose of reaching a sum of money due by the mayor and council to a contractor who had constructed a public sewer.

It could scarcely be doubted that if the public work was uncompleted, a creditor of the contractor could not, by garnishment, cut off payments which would otherwise be made by the municipal authorities to the contractor as the work progressed. It is obvious that if this were allowed, it might, and in most cases would, seriously interfere with the performance by the contractor of his undertaking, and thus the public would be subjected to inconvenience and delay at the instance, and for the benefit, of a party in whose affairs it had no interest or concern whatever. It very frequently happens that a contractor actually needs partial payments in order to be able to carry on his work. We deem it unnecessary to consume further time in endeavoring to show that in a case of this kind it would never do to hold that municipal authorities could be subjected to the

process of garnishment. The protection of the contractor might be a matter of no great concern, and there is, perhaps, no special reason why the law would favor him; but the welfare of the public requires the prompt and speedy completion of works in which the community at large is interested, and forbids the delaying of the same for the sake of a mere individual.

In the present case, however, it was insisted that the reason for the rule above stated would not apply, because the sewer in question had been actually completed, the public were receiving the benefit of it, and nothing remained to be done except for the mayor and council to pay over a balance due the contractor. There is, of course, some distinction between cases of the class first above instanced and the case in hand; but still, we are decidedly of the opinion that public policy forbids that a municipal corporation should be subject to garnishment in any case where its indebtedness arose on account of the exercise by it of governmental functions, which include, of course, the prosecution of public works and improvements for the benefit of the body politic. It is not to the municipal authorities, after the work has been completed, a matter of the slightest concern to whom the money due for the work should be paid. The municipality has no interest in aiding a creditor to collect his debt, or in shielding the debtor from paying it, and therefore there is no reason why it should be drawn into litigation pending between these parties, but many good reasons why it should not. It necessarily requires time, labor, and oftentimes expense in the employment of counsel and otherwise, to answer and defend garnishment suits, attend courts, and otherwise give attention to litigation; and these burdens should not be imposed upon public servants, whose entire time and attention ought to be given to the discharge of their official duties. Even if the municipality should be compensated in

money for the loss of the time of its officials and the expenses of litigation, it by no means follows that all the evils would be relegated.   The failure of a city or town official to answer a garnishment, the filing of an answer too late, the making therein, through inadvertence or otherwise, of an untrue statement, and many other conceivable things, might subject the corporation to great loss and damage, with no corresponding benefit for a complete and accurate performance of everything necessary in answering the garnishment and giving attention to the case.   Again, while the officials were engaged in answering the garnishment or in looking after the litigation, they would be compelled to neglect the duties properly devolving upon them, and this very neglect, it is easy to perceive, might result in subjecting the municipality to loss, damage and inconvenience in many different ways.

We deem it unnecessary to prolong this discussion, and will conclude it by referring to the case of *Connolly* v. *Thurber Whyland Co. et al.*, 92 *Ga.* 651, to which this court gave thoughtful consideration.   The decision in that case, in principle, controls the present one, and the authorities there cited amply support the proposition that public policy requires the exemption of municipal authorities from the process of garnishment.

<div align="right">

*Judgment affirmed.*