# HILL *v.* HATCH.

## (*Jackson.* April 28, 1897.)

GARNISHMENT. *Personal property taken from prisoner not subject to, when.*

Personal property, in no way connected with the criminal charge, taken by police officers from a prisoner, either in accordance with police rules or without them, for the safe-keeping of such property, or to remove from his control the possible means of effecting his escape, is not subject to garnishment in the officers' hands.

Cases cited and approved: 65 Iowa, 665; 18 S. W. R., 195 (Tex.); 13 Ore., 47; 7 Cush. (Mass.), 257: 14 Gray, 229.

---

### FROM SHELBY.

---

Appeal in error from Second Circuit Court of Shelby County. J. S. GALLOWAY, J.

CASSELBERRY & MARTIN for Hill.

BELL & HORN for Hatch.

BEARD, J. In this case, an attachment issued at the instance of plaintiff in error against the defendant in error, was levied by service of garnishment on certain members of the police force of Memphis. At the time of the service the defendant in error was in their custody, under arrest, upon a

criminal charge which had been preferred against him. Upon his arrest, these officers, whether of their own motion or under the police regulations of that city does not appear, removed from the person of the defendant in error, or required him to remove and deliver to them, certain articles of personal property of considerable value. This property was in no way connected with the charge under which his arrest was made, and it was this which the garnisheeing creditors sought to impound. These facts were plead in abatement of the writ. Upon the trial the Circuit Judge sustained the plea and dismissed the attachment. His action in this respect is assigned for error in this appeal.

The question presented by this record has received the attention of a number of Courts of this country, and, with regard to it, there has been some diversity of judicial opinion. We are satisfied, however, that the better policy, as well as the weight of authority, is with the ruling of the trial Judge. In disposing of it, we do not deem it necessary to determine the right of a police officer, upon arresting a prisoner, of his own motion, to take from him articles of value, or the reasonableness of municipal regulations which may authorize this to be done. It may be conceded, for our present purpose, that in either case this may be done, and that a wise precaution requires that it should be done. But when an officer of the law, acting under police rules or without them, takes from his prisoner personal property,

either for its safe-keeping or to remove from his control that which he might use in effecting escape, a sound public policy, we think, requires that, for the time, it should be safe from seizure by civil process. We speak now of such property as is in no respect connected with the criminal charge. It would be a dangerous temptation to eager, and sometimes unscrupulous, creditors to resort to the machinery of the criminal courts against their reluctant debtors, if it were once understood that, whatever of value was taken from the person of the party arrested by the officer having him in charge, could be at once impounded by the levy of an execution or attachment. Such a practice, we are sure, would likely be productive of results oppressive to the individual and shocking to the moral sense of the community. In support of this conclusion, we refer to *Com. Exch. Bank* v. *McLeod*, 65 Iowa, 665; *Richardson* v. *Anderson* (Tex. Ct. Ap.), 18 S. W. R., 195; *Dobins* v. *Sears*, 13 Oreg., 47; *Robinson* v. *Howard*, 7 Cush. (Mass.), 257; *Morrison* v. *Plenniman*, 14 Gray, 229.

The opposite view of this question has been taken by the Supreme Court of New Hampshire, and presented with great force in *Clossen* v. *Morrison*, 47 N. H., 482. After a careful examination, we are satisfied that the sounder policy is announced in the cases cited as authority for our conclusion. Judgment affirmed.