HUBBARD v. GARNER.

1. POLICE OFFICERS—SEARCHING PRISONERS—RETENTION OF MONEY.
   Police officers have no right to take and retain money found upon a person arrested, except for the purpose of using it as evidence on the trial of the proceedings instituted by the arrest.

2. SAME—GARNISHMENT.
   Moneys in the possession of a jailer, wrongfully taken from the person of a prisoner, are not subject to garnishment.

3. APPEAL—ASSIGNMENTS OF ERROR—BILL OF EXCEPTIONS.
   An objection that the assignments of error did not accompany the bill of exceptions is without force where the appellee stipulated to the settlement of the bill.

4. SAME—EXCEPTIONS TO FINDINGS.
   A case heard before the court without a jury cannot be considered on special assignments of error, where no exceptions were taken to the findings.

5. SAME—GENERAL ASSIGNMENT.
   But a general assignment of error that the facts found do not support the judgment may be based upon the record, without any bill of exceptions.

6. SAME—AMENDMENTS IN SUPREME COURT—MOTION FEE.
   Assignments of error may, in a proper case, be amended on appellant's motion, so as to include a general assignment that the findings of the court below do not support the judgment, in which case the usual motion fee will be allowed to the appellee.

Error to Genesee; Wisner, J. Submitted October 15, 1897. Decided December 21, 1897.

Garnishment proceedings by George W. Hubbard against Bert M. Garner, as garnishee of John Chapman. From a judgment for plaintiff, defendant brings error. Reversed.

*Black & Brown* and *Geer, Williams & Halpin*, for appellant.

*Everett L. Bray*, for appellee.

MONTGOMERY, J. This action originated in justice's court. It is sought to subject to process of garnishment money belonging to the principal defendant, John Chapman, which was at the time of the service of the process in the hands of the garnishee defendant, Garner. The facts, as found by the circuit judge, are that the defendant Chapman was arrested by the city marshal for a misdemeanor, and taken to the county jail for detention; that Garner was the jailer in charge; that Chapman was searched by the marshal in the presence of Garner, and $209.41 in money taken, and turned over to Garner for safe-keeping.

The court found that there was no bad faith on the part of Garner or the plaintiff, and found, as matter of law, that the money might be reached by this process. We are unable to agree with this conclusion. It is not pretended that the money taken from Chapman by the officers constituted any evidence against him which could have been used on the trial of the criminal proceedings instituted by his arrest. Indeed, it is quite apparent that it could not have been so used. We think the officer had no authority to take and retain possession of the money. While he had the right to search the prisoner, to see that he had upon his person no instruments which might .aid to effect his escape, and also to retain in his custody any evidence which might be used on his trial, the right of seizure does not extend beyond this. 2 Am. & Eng. Enc. Law (2d Ed.), 860, and cases cited. This court has recently had occasion to pass upon the right of search and seizure, and we have held that such right ought not to be extended beyond the necessities of the case. *Newberry* v. *Carpenter*, 107 Mich. 567 (31 L. R. A. 163).

The seizure being wrongful, was the money in the hands of the officer subject to garnishment? On the authority of *Bailey* v. *Wright*, 39 Mich. 96, it is clear that the money could not, after such unauthorized seizure, have been attached by the officer; and we think, on principle, that it should be held exempt from garnishee process. To sustain such proceedings would open the door to such

invasions of the personal security of the individual as cannot receive the sanction of this court. It is true that there was no collusion shown in this case, but in all cases it might be difficult to show actual collusion; and we think the safe rule is that which excludes the possibility, and this rule is supported, as we conceive, by the best-reasoned cases. *Robinson* v. *Howard*, 7 Cush. 257; *Dahms* v. *Sears*, 13 Or. 47; *Richardson* v. *Anderson*, 4 Tex. App. Civ. Cas. 493; *Connolly* v. *Thurber-Whyland Co.*, 92 Ga. 651; *Commercial Exchange Bank* v. *McLeod*, 65 Iowa, 665; Rood, Garnish. § 56; *Hill* v. *Hatch*, 99 Tenn. 39.

Plaintiff contends that the case is not presented in shape to admit of consideration of this question. It is true that the proper practice was not observed, as the assignments of error did not accompany the bill of exceptions. But the plaintiff stipulated to the settlement of the bill, and, as the defect is amendable, we do not deem it necessary to remand the record for this purpose. The appellant has also mistaken the practice in another respect. The assignments of error are special, and there were no exceptions to the findings in the court below. Under these circumstances, we cannot consider the case on special assignments of error directed to specific rulings on questions of law. *Haines* v. *Saviers*, 93 Mich. 440. We can, however, under an assignment of error alleging that the findings do not support the judgment, consider that question. *Trudo* v. *Anderson*, 10 Mich. 357 (81 Am. Dec. 795); *Peck* v. *City Nat. Bank*, 51 Mich. 354 (47 Am. Rep. 577). Such assignment may be based upon the record, without any bill of exceptions. Counsel for appellant ask leave to amend the assignments of error, and as we think no surprise will occur, or injustice be done to plaintiff, we will permit it. The appellee will be entitled to the usual motion fee, and the judgment will be reversed, and judgment entered in this court for defendant, with costs of both courts, less the motion fee taxed to appellee.

The other Justices concurred.