## GREEN v. POTOMAC ENGINEERING AND CONTRACTING COMPANY, and *vice versa.*

The evidence was insufficient to show an assignment of the fund belonging to the plaintiff's debtor, in the hands of the municipality, to the plaintiff; and a judgment of nonsuit was properly allowed.

NOVEMBER 18, 1910.

Damages. Before Judge Meadow. Wilkes superior court. November 5, 1909.

*F. H. Colley* and *G. M. DuBose,* for plaintiff.

*J. M. Pitner* and *William Wynne,* for defendant.

EVANS, P. J. T. B. Green filed his petition against the Potomac Engineering and Contracting Company and the Mayor and Council

of the City of Washington, for injunction and relief. In his petition the plaintiff alleged, that the Potomac Engineering and Contracting Company was a non-resident corporation whose principal place of business was unknown to him; that the construction company contracted with the City of Washington for the erection of a system of waterworks, and while thus engaged they entered upon his land and took therefrom a certain quantity of stone, sand, and wood of a stated value, and also injured his land in hauling the material to the waterworks plant; that the stone and sand taken from his land actually entered into the waterworks plant of the City of Washington; that while the construction company was engaged in the erection of the waterworks plant the plaintiff appeared before the city council, and, at his instance, the following resolution was passed and entered upon the minutes of the city council: "Mr. T. Burwell Green made a complaint that the agents of the Potomac Eng. & Con. Co. were damaging his property by driving over his fields and not keeping in the road designated, and that they would be indebted to him for rock and sand. It was agreed that the council would be responsible to Mr. Green for any damages done by the said company, and council would charge up whatever amount the said company should owe him against the contract with the city." The construction company had knowledge of the agreement expressed in this resolution, and assented thereto. It was alleged that a sum larger than the amount the construction company was indebted to the plaintiff was due the company by the city; and the prayer was that a receiver be appointed to take charge of the fund, and that the city be enjoined from paying the money to the construction company; and for judgment for the sum claimed to be due, with interest thereon. The construction company demurred and answered. The court overruled its demurrer, and on the trial granted a nonsuit. The Mayor and Council of the City of Washington did not appear either by demurrer or answer. The plaintiff sued out a bill of exceptions to the grant of a nonsuit; and the Potomac Engineering and Contracting Company sued out a cross-bill of exceptions, complaining of the overruling of its demurrer.

It is settled law that public policy forbids that a municipal corporation should be subject to garnishment in any case where its indebtedness arose on account of the exercise of its governmental

functions, such as the erection of a municipal waterworks plant. *Leake* v. *Lacy,* 95 *Ga.* 747 (22 S. E. 655, 51 Am. St. R. 112). The same public policy which exempts a municipality from the process of garnishment withholds, from the creditor of one to whom the municipality is indebted, any right to compel his debtor to assign any part of the sum due to him by the municipality in partial payment or total settlement of the creditor's debt. *Morgan* v. *Rust,* 100 *Ga.* 346 (28 S. E. 419). So that, if the petition be analyzed simply as an attempt to impound the indebtedness of the city to the construction company by means of an equitable garnishment for the benefit of the construction company's creditor, it presents no ground for relief. It is argued that the general allegation that the construction company had knowledge of the agreement between the city and the plaintiff, and assented thereto, sufficiently avers an assignment by the construction company of so much of the city's indebtedness to it as is necessary to pay the plaintiff for damages resulting from driving over the plaintiff's fields and for rock and sand which the plaintiff may thereafter furnish to the contracting company. It is not alleged in what manner the construction company assented; whether such assent was oral or expressed in writing. Even if the allegation of assignment be deemed sufficiently pleaded, the evidence is totally lacking to sustain it. The only testimony in support of this allegation is, that one McCormick, who was left in charge of the work of construction by the president of the company, was present at the council chamber when the plaintiff presented his complaint to the city council, and interposed no objection, and had knowledge of the resolution of the city council when the Construction Company purchased of the plaintiff the items of rock and sand included in the plaintiff's suit; that McCormick was the engineer who bid on the contract with the city in behalf of the construction company, and had charge of the construction of the plant for three or four months; but that all the purchasing of material and contracting for labor were done by other agents of the company, and payments therefor were made from proceeds of checks drawn by the president of the company. The evidence was wholly insufficient to establish any assignment of the fund of the plaintiff's debtor held by the City of Washington.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur.*