JOHN ROHAN & SON BOILER WORKS COMPANY, Appellant, v. WILLIAM YOUNG, Chief of Police, Garnishee of WARREN S. HEATON, Respondent.

### St. Louis Court of Appeals, May 4, 1915.

1. **GARNISHMENT: Property in Custody of Municipal Officer: Statute.** Under Sec. 2415, R. S. 1909, providing that no municipal corporation, or any officer thereof, shall be liable as garnishee, a diamond which was taken from the possession of a prisoner suspected of having stolen it was not subject to garnishment in the hands of the chief of police of the city of St. Louis, by a creditor of the person from whom it was stolen, since Sec. 9825, R. S. 1909, makes the members of the police force of cities having a population of 300,000 or more officers of the city.

2. ———: ———: **Common-Law Rule.** At common law, property in the custody of a public officer is regarded as in *custodia legis* and is not subject to garnishment or attachment.

Appeal from St. Louis City Circuit Court—*Hon. Irvin V. Barth,* Judge.

AFFIRMED.

*Julian Laughlin* for appellant.

The case was decided below on the theory that because garnishee is chief of police and therefore a municipal officer, that under Sec. 2431, R. S. 1899, he is exempted from garnishment and under no circumstances can he be subject to a garnishment proceeding. This view we think is not sustained in McGarry v. Coal Co., 93 Mo. 237; Hoker v. Hennessey, 141 Mo. 527; Calumet Paper Co. v. Ptg. Co., 144 Mo. 331; and appellant's motion for an order on the garnishee to deliver the defendant's property to the sheriff should have been sustained.

*William E. Baird* and *Robert Burkham* for respondent.

(1) Municipal officers are exempt from garnishment. (a) At common law: Hawthorne v. St. Louis, 11 Mo. 59; Fortune v. St. Louis, 23 Mo. 239; Connolly v. Thurber, 92 Ga. 651; Rood "Garnishment," p. 27. (b) By statute: Section 2415, R. S. 1909. (2) The Chief of Police of the Metropolitan Police Department of the city of St. Louis is a municipal officer. Section 9825, R. S. 1909; Carrington v. St. Louis, 89 Mo. 208; State ex rel. Wander v. Kimmel, 256 Mo. 611.

NORTONI, J.--This is a suit by attachment, and the question for immediate consideration relates to the discharge of the garnishee, William Young, chief of the Metropolitan Police Force of the city of St. Louis.

It appears from the record that one Warren S. Heaton, of Fort Worth, Texas, was the debtor of plaintiff, John Rohan & Son Boiler Works Company. On this indebtedness, plaintiff instituted a suit against Heaton by attachment and summoned William Young, chief of the Metropolitan Police Force of the city of St. Louis as garnishee, in that it is said the garnishee then held in his possession a valuable diamond belonging to Warren S. Heaton, defendant in the attachment suit. Having summoned the garnishee, plaintiff exhibited interrogatories touching his possession, etc., of the diamond. In response to such interrogatories so exhibited by plaintiff, the garnishee answered that he is chief of police of the Metropolitan Police Force of the city of St. Louis, Missouri, and that on the 18th day of January, 1912, there was arrested by his subordinates in the city of St. Louis a certain woman, said to be Louise Savine, who then had in her possession the diamond involved here; that the woman was arrested on suspicion of having stolen said stone from Warren S. Heaton, and the stone was held by him, as

such chief of police, under telegraphic advices from the
chief of police of the city of Fort Worth, Texas.   In
its reply to this answer of the garnishee, plaintiff ad-
mitted that the garnishee was such chief of police of
the Metropolitan Police Force of the city of St. Louis
and averred that though he held the diamond as chief
of police, according to the averments of the answer, it
was, nevertheless, the sole property of Warren S. Hea-
ton and of the market value of $1,000, wherefore, it
prayed an order that the garnishee be required to give
the said diamond over into the possession of the sheriff,
etc.   On this reply coming in, a motion to discharge
the garnishee was interposed, for that it appeared to
be confessed in the pleadings he was garnished in his
capacity of a municipal officer.   The court sustained
this motion and discharged the garnishee accordingly.
It is from this order and judgment plaintiff prosecutes
the appeal.

There can be no doubt that the court correctly dis-
posed of the matter.   It appears to be conceded that
the diamond came into possession of the garnishee,
William Young, chief of police, because of his official
position and that he retained it in that capacity.   By
the express terms of the statute (section 2415, R. S.
1909) no municipal corporation, or any officer thereof,
shall be liable to be summoned as garnishee.   Indeed,
even long prior to the statute, it was declared, on the
precepts of public policy alone, that a municipal cor-
poration was not liable to be summoned as garnishee
under the statute.   [See Hawthorn v. City of St. Louis,
11 Mo. 59; Fortune v. City of St. Louis, 23 Mo. 239.]
The court said that municipalities should not be com-
pelled to stand at the bar of the State and participate
in judicial controversies carried on between debtors
and creditors, and, therefore, in the interest of a wise
public policy, such governmental agencies should be
relieved of this burden.   The statute above referred
to (Sec. 2415) not only reflects the rule of decision

above suggested, but extends it as well to any officer of a municipal corporation. There can be no doubt that the chief of police of the Metropolitan Police Force of the city of St. Louis is an officer of such city and, therefore, a municipal officer within the terms of the statute above referred to. Indeed, by the express provisions of another statute (see section 9825, R. S. 1909) all members of the police force appointed by the police commissioners of St. Louis are declared to be officers of the city and also of the State. That subordinate members of the Metropolitan Police Force of the city of St. Louis are officers of such city, in view of the statute above referred to, has been several times expressly decided by the Supreme Court. This being true, the chief of the police department is an officer of such municipality beyond question. [See State ex rel. v. Kimmel, 256 Mo. 611, 165 S. W. 1067; Carrington v. City of St. Louis, 89 Mo. 208.]

It is entirely clear that the garnishee, William Young, chief of police, is an officer of the municipality of the city of St. Louis and that he was in possession of the diamond sought to be reached through the process in virtue of such office. The court, therefore, very properly dismissed him without further ado on such facts conclusively appearing on the face of the pleadings, even though the diamond may have been the property of Warren S. Heaton, defendant in attachment. In such circumstances, the property sought to be garnished, the diamond here, is regarded as *in custodia legis* and the officer in charge is free from those embarrassments with respect to it as inhere in garnishment and attachment proceedings, on the ground of a high public policy touching similar matters at common law, and even apart from any statute on the subject. [See Connolly v. The Thurber Whyland Company, 92 Ga. 651.]

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.