[No. 19378.    Department Two.    December 7, 1925.]

WILLIAM KUEHN, *Plaintiff*, v. WILLIAM T. A. FAULKNER *et al., Respondents,* AMERICAN SAVINGS BANK & TRUST COMPANY, *Intervener* and *Appellant,* STANLEY J. PADDEN *et al., Interveners* and *Respondents.*[1]

GARNISHMENT (19)—PROPERTY SUBJECT—PROPERTY IN CUSTODY OF LAW—FUNDS TAKEN FROM PRISONER BY SHERIFF. Money taken by the sheriff from the person of one arrested on an accusation of crime is not subject to garnishment, because it would encourage the abuse of criminal process, and be against public policy.

SAME (19). Rem. Comp. Stat., § 664, in the chapter dealing with attachments in civil actions, providing that a sheriff or constable may be garnished for money of the defendant in his hands, has no application to money taken by the sheriff from a prisoner on his arrest; in view of the later enactment, Id., § 2609, making the sheriff a mere custodian of stolen property to be held for the use of the prosecuting attorney as evidence in the criminal prosecution.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 24, 1925, in favor of defendant, in an action in which defendant's

[1]Reported in 241 Pac. 290.

funds in the possession of the sheriff were garnished, after a hearing before the court. Affirmed.

*Stratton & Kane,* for appellant.

*Stanley J. Padden* and *George F. Ward,* for respondents.

MACKINTOSH, J.—One Faulkner entered into a business arrangement with MacCloy and another, and a couple of days thereafter MacCloy swore to a complaint charging Faulkner with larceny by obtaining money under false pretenses. A warrant was issued thereon and executed by the sheriff, who arrested Faulkner and placed him in jail. At that time, there was taken from Faulkner's possession by the sheriff the sum of $4,555. This sum is now in the hands of the sheriff, and is the bone of contention in this action.

Faulkner was indebted to the appellant, which, upon his arrest, brought suit against Faulkner and had a writ of garnishment issued and served upon the sheriff for the purpose of subjecting the money in the sheriff's hands, taken from Faulkner, to the payment of the judgment. Thereafter Faulkner assigned all his right, title and interest in the money to respondents.

The prosecuting attorney, determining that there was no merit in the criminal action, procured the dismissal of the criminal complaint against Faulkner without trial. The trial court, in this proceeding, determined that the money in the sheriff's hands was not subject to the garnishment of the appellant, and from that judgment this appeal has been taken.

The one question for decision is whether personal property, taken from the possession of a defendant in a criminal case by the arresting officer, is subject to garnishment in the hands of the sheriff in a civil action. This question has been answered in both the

negative and affirmative; but the great predominance of opinion as it is expressed in the decisions of the courts, is in the negative. The reasons stated in the opinions holding to that view of the common law are that, to allow such garnishment, would be to encourage the institution of unjustifiable criminal proceedings for the purpose of collecting civil obligations; that the property is in *custodia legis*; that it is contrary to public policy that a public officer should be subjected to the process of garnishment; that it would lead to collusion and fraud; that it would interfere with the officer's possession of property which might be necessary to be used as evidence in the criminal proceedings; that the possession of the officer was purely that of a bailee; and that the possession of the officer was, in fact, the possession of the prisoner.

As we view it, it is unnecessary to review these different decisions and the various grounds upon which they are based, but rest our conclusion that the question must be answered in the negative upon the broad ground that, to allow such garnishment, would be contrary to public policy, recognizing the danger of the abuse of criminal process by the establishment of any other rule. 28 C. J. 76; 1 Freeman on Executions, § 130a; 2 Freeman on Executions, § 255; *Emmanuel v. Sichofsky*, Dist. Ct. of Appeals, State of California, Third Dist., filed October 21, 1925; *Holker v. Hennessey*, 141 Mo. 527, 42 S. W. 1090; *Connolly v. Thurber-Whyland Co.*, 92 Ga. 651, 18 S. E. 1004; *Robinson v. Howard*, 7 Cush. (Mass.) 257; *Commercial Exchange Bank v. McLeod*, 65 Iowa 665, 19 N. W. 329, 22 N. W. 219; *Hubbard v. Garner*, 115 Mich. 406, 73 N. W. 390; *Bailey v. Wright*, 39 Mich. 96; *Pomroy & Co. v. Parmlee*, 9 Iowa 140; *Dahms v. Sears*, 13 Ore. 37, 11 Pac. 891; *Ex parte Hurn*, 13 L. R. A. 120; *Richardson v.*

*Anderson,* 18 S. W. (Tex. App.) 195; *Hill v. Hatch,* 99 Tenn. 39, 41 S. W. 349.

The same result, based upon the theory of *custodia legis,* is arrived at in *Richardson v. Anderson, supra.*

Some of the courts have allowed garnishment where the arrest was not collusive, but have disallowed it where the arrest was made for the purpose of securing the possession of the defendant's property by means of the arrest and garnishment. *Closson v. Morrison,* 47 N. H. 482, is a case of this kind. But the ill effects of this distinction have been shown in some of the decisions heretofore cited.

It is argued, however, that, even conceding that the general rule is that garnishment is impossible, that rule has been abrogated by virtue of a statute in this state, and attention is called to § 664, Rem. Comp. Stat., which reads thus:

"A sheriff or constable may be garnished for money of the defendant in his hands. So may a judgment debtor of the defendant when the judgment has not been previously assigned on the record, or by writing filed in the office of the clerk, and by him minuted as an assignment on the margin of the execution docket, and also an executor or administrator may be garnished for money due from the decedent to the defendant."

That section, it will be noted, is a portion of a general act dealing with attachments in civil actions and should not be given an interpretation that makes it referable to property coming into the hands of the sheriff as an arresting officer. Before the statute will be given such construction, as to effect a change in the common law, an intention to effect that change must appear with some clarity. *Irwin v. Rogers,* 91 Wash. 284, 157 Pac. 690, L. R. A. 1916E 1130; *Dernac v. Pacific Coast Coal Co.,* 110 Wash. 138, 188 Pac. 15. And there is nothing connected with this section which indicates an intention on the part of the legislature to make

it applicable to facts similar to those appearing in this case.

That there was no such intention is further evidenced by the passage by the legislature of Rem. Comp. Stat., § 2609, passed some twenty-three years subsequent to § 664, without any reference to the prior section, which would be repealed by implication if the prior section is given the interpretation urged for it by the appellant. Section 2609 provides that the arresting officer in a robbery or larceny case shall secure the property alleged to have been stolen and shall be answerable for it while it remains in his hands; and, whenever the prosecuting attorney shall require such property as evidence, the arresting officer shall deliver it to the prosecuting attorney and take his receipt therefor, "after which such prosecuting attorney shall be answerable for the same." This statute would appear to make the arresting officer, in the class of cases designated, merely the custodian of the property, to be held for the use of the prosecuting attorney as evidence in the criminal prosecution. The evidence in the case at bar does not show that the property taken by the sheriff was taken as evidence, but, as was found by the trial court, was taken for the purpose of safekeeping. If it had been taken as evidence, under the statute the sheriff would have been obliged in this larceny case to turn the property over to the prosecuting attorney; and to allow it to be garnished, before being so turned over, would interfere with the operation of the statutes and would hamper the proper prosecution of the person charged with the larceny.

It is plain, therefore, that the statutes under consideration do not contemplate an overruling of the common law rule, and that personal property taken by the sheriff from a defendant at the time of his arrest,

whether that arrest be lawful or unlawful, cannot be the subject of garnishment in the hands of the sheriff in a civil action against the prisoner.

For that reason the judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.