GLENN *v.* VAUGHAN *et al.*

No. 9500.   DECEMBER 13, 1933.

*White, Poole, Pearce & Gershon,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage,* and *Louis H. Foster,* for defendants.

BELL, J.   Charles Colson Glenn brought suit in the superior court of Fulton County against Harry E. Vaughan and Grover C. Fain, police officers of the City of Atlanta, alleging the following facts:. The plaintiff on a date named obtained against the defendants a judgment for a stated sum, about $300, in a suit based upon a tort to personal property of the plaintiff "committed by said officers as police officers, but without authority of law." An execution issued upon such judgment was returned with entries of nulla bona by levying officers.   The defendants are insolvent, and their "only assets are their monthly salary from said City of Atlanta, due them from month to month as a result of the performance of duties as police officers of said city."   The defendants have collected their salaries since the date of the judgment, and "do spend and have spent same without applying any of said salaries in payment of said judgment."   Under the law the plaintiff can have no relief by garnishment against the City of Atlanta, the same being a municipal corporation.   Plaintiff has appealed to the municipal authorities to require the defendants to pay the judgment, but his request was denied, and he is without relief from that source. "Neither at the time the cause of action arose upon which said judgment against said officer defendants is based, nor at any time since then, was there or has there been any ordinance of the City of Atlanta requiring said defendants as police officers to give any bond whatsoever. . . Defendants have not posted nor given any bond whatsoever with any person whatsoever for the faithful performance of their duties while acting as police officers of the City

of Atlanta, nor have said defendants given any bond whatsoever for acts done either officially, under color of office, or in any manner." Unless a court of equity will "intervene and apply said salaries on an equitable basis, . . petitioner is without any remedy whatsoever," since the plaintiff can not otherwise "foreclose his judgment lien against said sums received by said officers as said salaries." The prayers were as follows: "That this court do appoint a receiver to collect from the defendants herein their salaries as same are paid to them by said City of Atlanta, and to hold same subject to the order of this court; and that the defendants be enjoined from spending same or in any way conveying or giving away or changing the form of any checks, vouchers, scrip, or payments received from said City of Atlanta as salary as police officer during the pendency of this litigation; and that your petitioner's judgment lien be imposed upon said salaries or sum received therefrom by said defendants, and same be used by this court to satisfy your petitioner's judgment, and all costs and interest thereon; and that any and all other creditors of defendants be permitted to intervene and assert their claims against said funds according to law; and that all cost and expenses of this litigation be paid by the defendants herein; and that all other and further relief as this court may deem equitable shall be granted to the petitioner in the premises."

It will be noticed that the city was not made a party defendant and no relief whatever was sought against it. The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted.

The court did not err in rendering the judgment complained of. It is against the public policy of this State to allow a municipality to be garnished or subjected to other proceedings for the collection of debts due either to the municipal officers or to private creditors. Officers charged with municipal functions should devote their time and labor to the public service, and not be burdened with the care of attending upon suits in which the public as such is without interest. While this particular aspect of the public policy is not involved in the present case, since the city was not sued, there is a further branch of the same policy which will prevent a seizure of the official salaries of these defendants as prayed by the plaintiff in this case. If these officers are forced to deliver up their salary checks or their pay envelopes at once to a receiver appointed by

the court, they might be left without other means of support, and find themselves forced to quit the service. For this and other reasons, it would tend to impair the public service for the officers to be constantly under the thumb of a receiver appointed for the purpose of requiring them to deliver up their salaries as collected and applying the same to the payment of their debts.

Certainly it is also the policy of this State to aid creditors in the collection of their just demands, but the right of an individual creditor must give way to the public interest. It may be true that the plaintiff is remediless unless he can obtain the equitable relief here sought, but he is in no worse position than if the defendants were not only insolvent but were at the same time mere private individuals without salary. Creditors can not always and in every case collect what is due them.

We have carefully examined the several cases cited and discussed by counsel for the plaintiff, and have considered again the question of public policy involved. We adhere to the doctrine which has heretofore been stated in several cases and which we think is applicable in the present case. It is unnecessary to repeat in full the reasoning which has been applied in former cases of similar character. The petition failed to set forth a cause of action, and the demurrer was properly sustained. See, in this connection, *Holt* v. *Experience*, 26 *Ga.* 113; *Hightower* v. *Slaton*, 54 *Ga.* 108 (21 Am. R. 273); *McLellan* v. *Young*, 54 *Ga.* 399 (21 Am. R. 276); *Born* v. *Williams*, 81 *Ga.* 796 (7 S. E. 868); *Dotterer* v. *Bowe*, 84 *Ga.* 769 (11 S. E. 896); *Connolly* v. *Thurber Whyland Co.*, 92 *Ga.* 651 (18 S. E. 1004); *Leake* v. *Lacey*, 95 *Ga.* 747 (22 S. E. 655, 51 Am. R. 112); *Morgan* v. *Rust*, 100 *Ga.* 346 (28 S. E. 419); *Green* v. *Potomac Engineering &c. Co.*, 135 *Ga.* 387, 389 (69 S. E. 544); *McConnell* v. *Floyd County*, 164 *Ga.* 177 (9) (137 S. E. 919); *Herrington* v. *Wimberly*, 177 *Ga.* 536 (170 S. E. 670).

*Judgment affirmed. All the Justices concur, except Hill, J., absent for providential cause.*