REIFSNYDER v. LEE ET AL.

1. Garnishment: WHEN OFFICER MAY BE GARNISHED. Where money and valuables had been taken by an officer from the person of one arrested for larceny, they were *held* liable to garnishment in the hands of the officer, in a civil action against the prisoner by the party who suffered the loss of the property.

*Appeal from Wapello Circuit Court.*

THURSDAY, SEPTEMBER 21.

PLAINTIFF brought an action by attachment against defendant, Lee, before a justice of the peace, and served process of garnishment upon Gray, who, answering, admitted that he had in his possession $68.55-100 and a watch of the value of $8, the property of defendant. Defendant confessed judgment in favor of plaintiff, and moved to discharge the garnishee on the ground that he had obtained the possession of the money and watch unlawfully and forcibly by the above process in his hands as an officer.

The justice of the peace overruled the motion to discharge the garnishee and dissolve the attachment, and rendered judgment accordingly. Defendant appealed to the Circuit Court, where the motion was renewed and sustained and

judgment rendered for defendant. Plaintiff appeals to this court.

*John B. Ennis*, for appellant.

*W. H. C. Jaques* and *S. C. Hendershott*, for appellee.

BECK, J.—The facts of the case are these: Lee stole five head of cattle and sold them to plaintiff for $162.30. The owner, upon claiming the property, recovered the cattle from plaintiff, who sought to have Lee arrested for the larceny. Gray, the garnishee, was the marshal of Ottumwa at the time and plaintiff procured him to pursue and capture the thief. Learning that he was in Des Moines, Gray wrote to the marshal of that city to arrest him and "to take all he has from him." The arrest was made and Lee's person was searched. The money and watch were found upon and taken from him, and delivered to his attorney with the promise that it should be given to Gray when he should come after the prisoner. This was done. When the officer returned to Ottumwa, where the cattle were sold, plaintiff brought suit against Lee for the money obtained by the sale of the stolen cattle and garnished the officer, Gray. Lee confessed judgment, but moved to discharge the garnishee and dissolve the attachment on the ground that the money and watch were unlawfully and forcibly taken from him. The decision of the Circuit Court sustaining this motion is the ground of error assigned upon this appeal.

A party to a suit can gain nothing by fraud or violence under the pretense of process, nor will the fraudulent or unlawful use of process be sanctioned by the courts. In such cases, parties will be restored to the rights and position they possessed and occupied before they were deprived thereof by the fraud, violence or the abuse of legal process.

The case before us, however, does not come within this rule. The arrest of Lee was lawful; he was guilty of a felony, and the object of his pursuit and capture was not to obtain possession of his money and property in order to subject it to legal process, but for the purpose of bringing him to punish-

ment for his crime. There was no agreement between the plaintiff and the marshal, Gray, that money or other property should be taken from him in order that it might be held subject to attachment or judgment.

It is usual and proper for police officers, upon the arrest of felons to subject them to search and take from them articles found upon their persons. This often affords the evidence whereby a crime is proved or the person arrested is identified as the perpetrator of an offense. In this case the money, if shown to be the same as that paid Lee by plaintiff, would identify him as the perpetrator of the larceny. So the watch may have been an instrument of evidence for the identification of Lee. Surely there can be no rule of law forbidding a police officer upon the arrest of one charged with a felony, from making a close and careful search of the person of the individual for stolen property, instruments used in the commission of crimes, or any article which may give a clue to the commission of crime or the identification of the criminal. This too may be done promptly on arrest, and not delayed for authority from a court or a superior. The offender would speedily dispose of all such articles which would be found upon his person that might lead to the discovery of crime.

In the case before us the officers did nothing more than was lawful and proper in the vigilant and successful discharge of their duty. The further thought may be suggested that there is ample ground to hold that the money taken from Lee was the money which he had procured from plaintiff for the stolen cattle.

It is our conclusion that the money and watch in question were lawfully taken from Lee by the officers, and when the garnishment process was served upon Gray, were lawfully in his possession. We cannot convert the rules of law, intended for the protection of the person and property of the citizen, into instruments by which thieves and other felons may conceal their crimes and resist police officers in honest and commendable efforts to bring them to justice.

REVERSED.