## The Commercial Exchange Bank v. McLeod.

1. **Attachment**: OF PROPERTY TAKEN FROM PERSON OF PRISONER: OFFICER'S RIGHT TO SEARCH AND TO RETAIN PROPERTY. An officer making an arrest, or a jailor upon committing a person to jail, may search him, and take from him not only all offensive weapons, but also all other property which might be used by him in effecting an escape. But where the sheriff upon committing the defendant to jail took from his person two watches and some money, which were in no way connected with the crime with which he was charged, and which could not be used as evidence in the prosecution, it was his duty to return them, and while he retained them his possession was that of the prisoner, and they were no more subject to attachment in an action against the prisoner than if they had been in his pockets. *Reifsnyder v. Lee*, 44 Iowa, 101, distinguished.

2. ———: ———: CONSENT OF PRISONER TO SEARCH: FACTS NOT AMOUNT-
ING TO. In such a case, the consent of the prisoner to the search and
to the taking of the property by the officer cannot be inferred from the
fact that he made no resistance thereto.

*Appeal from Worth District Court.*

WEDNESDAY, APRIL 8.

THIS is an action to discharge two watches and certain
money from an attachment which was levied thereon at the
suit of the plaintiff against the defendant. A hearing was
had upon affidavits, and the motion was sustained, and the
watches and money were ordered to be discharged from the
attachment. Plaintiff appeals.

*Blythe & Markley*, for appellant.

*Glass & Hughes*, for appellee.

ROTHROCK, CH. J.—On the thirty-first day of January,
1883, the plaintiff commenced an action against the defend-
ant and others upon a promissory note. It was
alleged in the petition that defendants had dis-
posed of their property in part with intent to
defraud their creditors, and a writ of attachment
was prayed for and issued, which was placed in
the hands of the sheriff for service. The plaintiff
is a partnership, and H. P. Kirk and I. R. Kirk are the indi-
vidual members thereof. On the twenty-eighth day of
August, 1883, said I. R. Kirk made and filed an information
before a justice of the peace, charging the defendant with
the crime of uttering a forged promissory note. A warrant
was issued, and the plaintiff was arrested by a constable and
taken to the county jail. Upon his commitment to the jail,
the sheriff, who was the keeper thereof, proceeded to search
the defendant's person, and took therefrom one gold watch,
one silver watch, and $480 in money, and, having the attach-
ment and money and property all in his hands, he made

1. ATTACH-
MENT: of
property
taken from
person of
prisoner: offi-
cer's right to
search and
to retain
property.

return that he had levied the attachment on the watches and money.

Section 4212 of the Code provides: "He who makes an arrest may take from the person all offensive weapons which he may have about his person, and must deliver them to the magistrate before whom he is taken, to be disposed of according to law." We do not think that an officer making an arrest is precluded by this statute from taking from the person of the prisoner any other property than "offensive weapons." An officer making an arrest, or a jailor upon committing a person to jail, may search him and take from him all property which might be used by the prisoner in effecting an escape. In *Reifsnyder v. Lee*, 44 Iowa, 101, the defendant stole five head of cattle, and sold them to the plaintiff for $162.30. The owner of the cattle claimed and recovered them from plaintiff, and the plaintiff procured officers to pursue and capture the thief. The officers making the arrest searched his person, and took therefrom certain money, and a watch which was of little value. It was held that the money and watch were liable to garnishment in the hands of an officer at the suit of plaintiff. In that case the search of the person was fully approved. It is said, however, in the opinion, that "a party to a suit can gain nothing by fraud or violence under the pretense of process, nor will the fraudulent or unlawful use of process be sanctioned by the courts. In such cases parties will be restored to the rights and position they possessed and occupied before they were deprived thereof by the fraud, violence or abuse of legal process." To the same effect, see *Pomroy v. Parmlee*, 9 Iowa, 140, and *Patterson v. Pratt*, 19 Id., 358.

We think the sheriff was justified in making the search, and in taking from the person all money or property which was in any way connected with the crime charged, or which might serve to identify the prisoner. If, however, the sheriff knew that the watches and money were in no manner connected with the crime, and that they could not be used in

any way as evidence in the prosecution, we think it was his duty to return them to the defendant. If a constable or other officer takes possession of property found on a prisoner, the court will order the same to be restored, if not required as a means of proof at the trial, or which does not finally appear to be the fruits of the crime with which he stands charged. 1 Archib. Crim. Pl. and Pr., 34, 35.

In the case of *Reifsnyder v. Lee, supra,* it is said, there was "ample ground to hold that the money taken from Lee was the money which he had procured from plaintiff for the stolen cattle."

In the case at bar, it is not claimed that the sheriff had any right to retain the money and watches for any purpose connected with the arrest or with the crime charged. It is claimed, however, that the defendant consented that the sheriff might take possession of the same and keep them for him. This is denied by the defendant, and there was a conflict of evidence upon this point, and it cannot be said that the court was not warranted in finding that the property and money were taken without the consent of defendant. Where a party submits to a search of his person by an officer, it cannot be said that the search was with his consent, because he makes no physical resistance; and, when the search is completed and the fruits thereof are retained by the officer, it would require a strong showing to hold that this was with the consent of the prisoner.

We think that it cannot be said that the search was unlawful. But when it was ascertained that the money and property were in no way connected with the offense charged, and were not held as evidence of the crime charged, the personal possession of the sheriff should be regarded as the personal possession of the prisoner, and the money and property should be no more liable to attachment than if they were in the prisoner's pockets. To hold otherwise would lead to unlawful and forcible searches of the person under cover of

criminal process, as an aid to civil actions for the collection of debts. It does not appear that such was the purpose of the prosecution in this case, but the court was justified in finding that the money and property were taken from the defendant by force and without his consent, and, as it is not claimed that the money or property was in any way connected with the crime charged, no advantage should be taken of the defendant because the same was taken from his person by force and against his will.

AFFIRMED.

ON REHEARING.

SEEVERS, J.—A more particular statement of the facts than is set forth in the foregoing opinion may be beneficial. The attachment was issued in July. In August the information was filed, charging that the defendant, Ridgway, had committed the crime of uttering a forged promissory note. The defendant was searched, and the money and watch taken from his person by the officer, and in September the money and watch were attached. The court was warranted under the evidence in finding that the money and watch had no connection with, and that they were not fruits of, the crime charged. The search was justifiable, and possibly the officer, in his discretion, could retain, for a time at least, the property, if thereby the defendant might be aided in effecting his escape, or if it would tend to connect him with the commission of a crime. But the possession of the officer was the possession of the defendant. This is the undoubted rule, as appears from the authorities cited in the foregoing opinion, and it is sustained also by the following: Whart. Crim. Pl. & Pr., § 61; 1 Bish. Crim. Pr., §§ 210, 211, 212. The foregoing rule of the common law may, of course, be changed by statute; but this has not been done, and therefore the rule above stated must prevail.

*Reifsnyder v. Lee,* 44 Iowa, 101, cited in the foregoing opin-

ion, and on which the appellant relies, is clearly distinguishable. In that case the defendant was charged with the larceny of cattle, and it is said in the opinion " there is ample ground to hold that the money taken from Lee was money which he procured from plaintiff for stolen cattle." The money was obtained by the commission of the crime, and as the officer was authorized to make the search, his possession of the money was lawful, and it could be attached and appropriated by the party from whom it had been unlawfully obtained. The foregoing opinion is adhered to.