STATE OF IOWA, Appellee, v. LUTHER LYON, Appellant.

**PERJURY: Evidence—Sufficiency.** Evidence reviewed, and held
1 sufficient to sustain a conviction for perjury.

**PERJURY: Assignments—Proof of Part Only—Effect.** Proof of
2 *one* of two different material assignments of perjury is sufficient to sustain a conviction.

**CRIMINAL LAW: Evidence—Evidence Obtained by Search of Per-**
3 **son.** Demonstrative evidence obtained by a search of the person of accused at the time of his arrest is admissible when material and relevant on the issue of guilt. So held in the case of marked money.

**CRIMINAL LAW: Evidence—Objection—Sufficiency.** The objection
4 of incompetency, irrelevancy, immateriality and insufficient identification, when interposed to the offer of demonstrative evidence taken from the person of accused when arrested, does not embrace the objection that the introduction would compel self-incrimination.

**TRIAL: Instructions—Refusing Instructions—Showing of Prejudice.**
5 Refusal of trial court to give requested instructions will not be denominated error when not accompanied by a showing that the points were not covered by the instructions given.

**CRIMINAL LAW: Evidence—Other Offenses—Perjury.** On the
6 issue whether the defendant did a certain thing on a certain occasion, the fact that he did something of the same kind on a different occasion may be proven, provided it shows the existence, on the occasion in question, of any intention, knowledge, good or bad faith, or other state of mind the existence of which is in issue. So held on issues in a charge of perjury.

PRINCIPLE APPLIED: Defendant was indicted for perjury, in that he had sworn "that he did not on a certain occasion sell intoxicating liquors to one Hegarty." On the trial of the perjury

charge, defendant claimed that *he* had not sold any liquor, but was acting as agent only, and that his testimony on which the perjury was assigned was given non-corruptly and in good faith. The State was permitted to show that Hegarty had purchased liquor of defendant at times other than that on which the perjury was based. *Held*, proper.

*Appeal from Lyon District Court.*—WILLIAM HUTCHINSON, Judge.

FRIDAY, MAY 5, 1916.

DEFENDANT was indicted, tried and convicted of perjury and appeals.—*Affirmed.*

*Warren H. White*, for appellant.

*George Cosson*, Attorney General, *John Fletcher*, Assistant Attorney General, and *Simon Fisher*, County Attorney, for appellee.

PRESTON, J.—1. As appellant states the issues, the indictment charges the defendant with having committed the crime of perjury by having testified falsely in his hearing or trial before the justice of the peace, Geo. Monlux, on or about August 26, 1915, by testifying on the witness stand in said hearing or trial, and while under oath, as follows, to wit:

"That he did not sell intoxicating liquor to the said John Hegarty on or about the 25th day of August, 1915, and did not accept money therefor, whereas in truth and in fact the said Luther Lyon did sell intoxicating liquor to the said John Hegarty and did accept money therefor, and did thereby wilfully, corruptly, unlawfully, knowingly and feloniously commit perjury, contrary to the statute in such case made and provided."

The record shows that, at some time prior to the indictment in this case, defendant had been arrested, tried and convicted in justice court for the offense of selling intoxicating liquors. He was charged with having sold the liquors to a

man named Hegarty.  Upon the trial of that case, the defend-
ant was a witness in his own behalf, and testified that he did
not sell any liquor to Hegarty and that he did not receive any
money from Hegarty for liquor.  On the trial under the
indictment in this case, the State proved the transaction
which it claims was a sale of liquor by defendant to Hegarty,
and proved that defendant did receive one dollar from Hegarty
for liquor delivered by defendant to Hegarty.  The purchase
of the liquor had been arranged by the marshal of the town,
who had given to Hegarty a marked one dollar bill.  This bill
was paid by Hegarty to the defendant, and when defendant
was arrested, the money was found on his person.  And in
return for the money, it was proven that defendant delivered
to Hegarty two half-pint bottles filled with liquor.

The contention of appellant is, as we understand it, that
it was not shown that the liquor was in the possession of or
owned by the defendant, but that, at most, defendant was
acting only as agent for Hegarty and obtained
the liquor from the possession of someone
other than himself; and further, as bearing
upon the question as to whether his testimony was corrupt,
that defendant was only placing his construction upon the
transaction as to whether it constituted a sale under the law.

1. PERJURY: evi-
dence: suffici-
ency.

But there are two specifications in the indictment, the
proof of either of which would be sufficient to sustain a con-
viction.  These are, as before set out in stating the issues,
that the defendant testified that he did not
sell the whisky, and that he did not accept
money.  We shall refer to the testimony bear-
ing upon the first specification.  Hegarty tes-
tified that he first met defendant two years before, and again
Fair week, and paid him a one dollar bill for liquor which
defendant delivered; that there were two half-pints, and he
gave them to the justice, and testifies as to the payment of
the marked money.  The marshal testified that he marked the
one dollar bill and put the number down in a book, and that

2. PERJURY: as-
signments:
proof of part
only: effect.

he delivered it to Hegarty and saw Hegarty hand the money to defendant and saw defendant deliver two half-pints of whisky to Hegarty. Another witness testifies that, when defendant was searched after his arrest, the one dollar bill that had been marked by the marshal and delivered to Hegarty was found in defendant's possession at that time and, among other articles, some corks of the size for use in half-pint liquor bottles.

The record does not show just where the defendant obtained the liquor which was delivered to Hegarty. It does show that defendant himself produced the whisky and that he received pay for it; that, when approached by Hegarty and asked if he could furnish him some whisky, defendant simply replied, ''Give me that money,'' and almost immediately produced the liquor. The record shows that Hegarty had purchased liquor from the defendant prior to that time. So far as the State's evidence shows, the liquor was produced by the defendant and turned over to Hegarty by him, and there is no showing that the liquor was purchased from anyone else, thus refuting the position of the defendant that he was simply acting as an agent for Hegarty in the purchase of the liquor. It would have been a matter of defense for the defendant to have shown that he purchased the liquor from someone who had authority to sell it, but the defendant did not become a witness in his own behalf, in this case, and no testimony was offered by him.

The statute provides that the liquor law is to be construed so as to prevent evasion. We think the jury were justified in finding that there was a sale by defendant to Hegarty, and that his claim that he was acting only as an agent is a mere pretense or evasion in an attempt to escape punishment.

2. As to the other specification, defendant testified that he did not accept money for the intoxicating liquor sold to Hegarty. The evidence is very clear and is undisputed in this case that the defendant did accept the one dollar bill from Hegarty for the whisky which defendant delivered to Hegarty,

and, even though it be conceded that such sale was by defend-
ant as agent for Hegarty, or anyone else, the statement on
oath by the defendant that he did not receive money, in view
of his acceptance of the one dollar bill, would constitute
perjury.

3. Appellant complains of the introduction in evidence
of the marked one dollar bill. This bill was in possession of
defendant at the time he was arrested, and it was introduced
in evidence in connection with the testimony
3. CRIMINAL LAW:
evidence: evi-
dence obtained
by search of
person.
of the marshal. The objection now made is
that it was compelling appellant to give tes-
timony against himself, contrary to his con-
stitutional rights, and they cite Constitution of the United
States; *Boyd v. United States,* 116 U. S. 616, 633; *Reifsnyder
v. Lee,* 44 Iowa 101; *State v. Height,* 117 Iowa 650; *State v.
Sheridan,* 121 Iowa 164.

The only objection made by defendant to the exhibit was
that it was incompetent, irrelevant and immaterial, and not
properly identified. We think there was no such objection
made as would save the defendant's right to
4. CRIMINAL LAW:
evidence: ob-
jection: suffici-
ency.
raise the question in this court which he seeks
to present.

In the cited cases, there was either unlaw-
ful search or a fraudulent or unlawful use of process, and the
like, and it was held in some of them that the constitutional
prohibition of unreasonable searches and seizures is closely
related to the immunity which a citizen enjoys against being
compelled to bear witness against himself.

In the instant case, the evidence does not show the com-
pulsory production by the defendant of the money which was
afterwards used against him. There was no unlawful seizure
of the money or the property from the person of defendant at
the time of his arrest.

In the *Reifsnyder* case, supra, cited by appellant, it was
held that police officers, upon the arrest of one charged with
felony, may make search of his person for stolen property,

instruments used in commission of the crime, or any article which may give a clue to its commission, or the identification of the criminal.

And in *Commercial Exchange Bank v. McLeod,* 65 Iowa 665, it was held that a sheriff is justified in searching the person arrested and taking from him money or property in any way connected with the crime charged, or which may serve in identifying the prisoner or be used by him in effecting an escape, but that property so taken is not subject to attachment.

And in *State v. Hassan,* 149 Iowa 518, it was held, substantially, that when a defendant is arrested it is the duty of the sheriff to take and care for his property, and if the property so taken, in itself or when considered with other circumstances, furnishes some evidence of defendant's guilt, he cannot complain on the ground of a search and seizure by which such evidence has been obtained.

4.   The refusal of the court to give requested Instructions four and five offered by defendant is complained of as error. The first has reference to the question of agency, before referred to, and the other, to the sale of the liquor. The instructions given by the court are not set out in the record. So far as appears, the court may have covered the two points in the instructions given. Under such circumstances, defendant is not in a position to complain. See, as bearing somewhat upon this proposition, *Hawkins v. Young,* 137 Iowa 281.

5. TRIAL: instructions: refusing instructions: showing of prejudice.

5.   The court permitted Hegarty to testify that he purchased liquor at other times of defendant, and of this, appellant complains. The general rule is that it is not competent for the State to give in evidence facts tending to prove other distinct offenses, for the purpose of raising an inference that defendant has committed the crime in question, or that he has a tendency to commit the offense with which he is charged. *State v. Walters,* 45 Iowa 389; *State v. Rains-*

6. CRIMINAL LAW: evidence: other offenses: perjury.

*barger,* 71 Iowa 746; *State v. Roscum,* 119 Iowa 330; *State v. Brady,* 100 Iowa 191. In the last named case, it was pointed out that there are at least two well defined exceptions to this rule, and the exceptions are stated at page 196. One exception is that, when there is a question whether a person said or did something, the fact that he said or did something of the same sort on a different occasion may be proved, if it shows the existence, on the occasion in question, of any intention, knowledge, good or bad faith, malice or other state of mind, or of any state of body or bodily feeling, the existence of which is in issue, or is deemed to be relevant to the issue, and such evidence is also admissible for the purpose of proving a systematic scheme or plan.

In *State v. Walters,* supra, cited by appellant, it was held that evidence of an assault with intent to commit a rape upon another person at another time was not competent, but that proof of previous assaults on the prosecutrix was admissible to show intent.

The charge against defendant in this case was perjury, and not the sale of intoxicating liquor. Evidence of other perjuries was not inquired about, and we think evidence of other sales of intoxicating liquor by defendant to Hegarty was admissible as bearing upon the defendant's claim that he had not sold liquor, but was acting an an agent only, and as to whether his so testifying was corrupt or in good faith, and perhaps for other reasons.

We have examined the record carefully and conclude that there is no prejudicial error shown. The judgment is, therefore—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.