**UNITED STATES v. ROSSI.**

**No. 218, Docket 21630.**

United States Court of Appeals Second Circuit.

Argued May 4, 1950.

Decided May 22, 1950.

Edward H. McAloon, New York City, Nathan Hirschberg, New York City, for appellant.

Irving H. Saypol, U. S. Atty., New York City, Bruno Schachner, Clarke S. Ryan, Asst. U. S. Attys., New York City, of counsel, for appellee.

Before L. HAND, Chief Judge, and CHASE and CLARK, Circuit Judges.

## PER CURIAM.

 There was but one issue of fact in this case: *i. e.*, whether Rossi, the defendant, knew that the question put to him at the hearing before the immigration inspector, covered the whole period after he came to the United States or only the five years preceding the hearing. If it covered the whole period, his suppression of his conviction for counterfeiting in 1928 and of his arrest for transporting contraband liquor in 1939, was plainly perjurious. On the other hand, if he supposed that the question was confined to the preceding five years, his answers, though false, were innocent. In order to prove that he had understood the question in its broader scope, the prosecution put in evidence that upon five or more other occasions Rossi had suppressed the conviction and the arrest in answering similar inquiries; and it is the admission of this evidence that is the principal error urged upon the appeal. It was admissible under the well-established doctrine that, when one element of the crime charged is that the accused must have a specific knowledge or intent, other occasions of similar objective conduct by him are relevant and admissible. It is a condition upon this doctrine, at times not understood, that there must be some basis for inferring that the objective conduct upon the other occasions used as evidence was probably accompanied by the specific knowledge; for it is only when that is so, that they form a legitimate basis for believing that the conduct charged was also accompanied by the same knowledge. The necessity of this is obvious; because a cumulation of earlier occasions, no matter how many, upon each of which there was no probability that the added element did accompany the objective conduct, would not in any degree whatever help to prove its presence upon the occasion charged. In the case at bar, when Rossi upon the earlier occasions in question had denied that he had been convicted or arrested, there was ground for believing that he understood the questions put to him and meant to deceive. The doctrine has been applied several times in prosecution for false swearing.[1]

 The only other error which deserves notice is that the judge refused to charge the jury specifically that the only issue was whether Rossi had understood the question to cover the whole period of his presence in the United States. It is true that Rossi asked for such an instruction, and it must be confessed that compliance with the request would have served to fasten the jury's attention upon the only issue. However, the refusal was not enough to justify a reversal. Again and again the judge told the jury that they must find Rossi's answer deliberately false. Since it was confessedly false, there can have been no doubt in their minds that this meant them to decide whether he had understood the question. Indeed, his attorney's address to the jury was substantially confined to persuading them that he had not.

Conviction affirmed.

---

1. United States v. Wood, 14 Pet. 430, 10 L.Ed. 527; Wood v. United States, 16 Pet. 342, 360, 361, 10 L.Ed. 987; Buckley v. United States, 4 How. 251, 259, 11 L.Ed. 961; People v. Doody, 172 N.Y. 165, 173, 174, 64 N.E. 807; State v. Lyon, 176 Iowa 171, 157 N.W. 742.