STATE OF IOWA, appellee, v. DONALD O. ROFF, appellant.

No. 49443.

(Reported in 93 N.W.2d 107)

NOVEMBER 18, 1958.

Thomas O. Tacy, of Council Bluffs, for appellant.

Norman A. Erbe, Attorney General, Freeman H. Forrest and Hugh V. Faulkner, Assistant Attorneys General, and Richard F. Nazette, Linn County Attorney, for appellee.

WENNERSTRUM, J.—The defendant was charged in a County Attorney's information with the crime of uttering a forged instrument. He entered a plea of not guilty and upon trial was found guilty. Motions for arrest of judgment and for a new trial were overruled. He was sentenced as provided by statute. He has appealed.

The record as presented in this case is meager. Regardless of this there are sufficient facts shown to make possible our con-

sideration of the one claimed ground for reversal. Another claimed error was waived at the time of the oral argument to this court. We do not deem it necessary to relate the facts pertaining to the commission of the crime charged and the defendant's arrest. It is sufficient to state he claims error was committed in the admission in evidence of certain exhibits, some of which were found on the defendant's person and taken from him, when he was searched at the police station in Cedar Rapids after he had been arrested in a hotel room in that city. The exhibits in question, as well as certain personal effects belonging to the defendant, were taken and held by the authorities under the general practice of keeping such articles for safekeeping while a defendant is held in custody.

██ I. It is the claim of the defendant the exhibits were taken from him illegally because the arresting officer took them without a search warrant and violated his right to immunity from unreasonable search and seizure under the Constitution.

The record discloses the defendant consented to the admission in evidence of two exhibits not found on his person. Under these circumstances he cannot now claim error in the admission in evidence of these particular items. State v. Rasmus, 249 Iowa 1084, 1087, 90 N.W.2d 429, 430, and cases cited.

██ The other exhibits here in question were found on the person of the defendant when he was searched at the police station after his arrest. No question was raised but what he was then under valid arrest. An officer, after a proper arrest, may take from a prisoner evidence which may be used in a subsequent prosecution. 6 C. J. S., Arrest, section 18, page 623; 4 Am. Jur., Arrest, section 68, page 48.

This court has passed upon this question in the case of State v. Hassan, 149 Iowa 518, 524, 128 N.W. 960, 963. We there stated:

"When defendants were arrested, it was the duty of the sheriff to take and care for their property, and if perchance any of the property so taken in itself or when considered with other circumstances bore some evidence of defendants' guilt it was their misfortune. No unreasonable search or seizure was shown, nor were defendants deprived of any constitutional right."

Like holdings in this court are found in Commercial Exchange Bank v. McLeod, 65 Iowa 665, 19 N.W. 329, 22 N.W. 919, 54 Am. Rep. 36; Reifsnyder v. Lee, 44 Iowa 101, 24 Am. Rep. 733. See also State v. Lyon, 176 Iowa 171, 175, 157 N.W. 742; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, 803; Annotations, 32 A. L. R. 681; 51 A. L. R. 431, 432; 74 A. L. R. 1392, 1393; 82 A. L. R. 784, 785.

There is no basis for reversal and we affirm.—Affirmed.

All JUSTICES concur.