STATE OF IOWA, appellee, v. WILLIAM JOE DOMBROSKE, appellant.

No. 51824.

(Reported in 138 N.W.2d 49)

NOVEMBER 16, 1965.

James L. Chipokas, of Cedar Rapids, for appellant.

Lawrence F. Scalise, Attorney General, and Don R. Bennett, Assistant Attorney General, for appellee.

PER CURIAM—Defendant was charged by county attorney's information with the crime of breaking and entering with intent to commit a public offense, to wit, larceny, as defined by section 708.8, Code, 1962. Defendant discharged an attorney he engaged to represent him and at his request the court appointed two different attorneys of his choice who, successively, represented him. Three months after the information was filed defendant appeared with his third attorney and offered to plead guilty to the crime of larceny as defined in Code section 709.1 of property of a value in excess of $20. The court accepted this plea and a week later defendant was sentenced to the State Penitentiary at Fort Madison for an indeterminate term not exceeding five years and ordered to pay the costs of prosecution, as authorized by Code section 709.2. Appeal bond was fixed at the modest amount of $500.

Defendant's appeal comes to us upon a clerk's transcript. The minutes of testimony in the transcript indicate defendant broke and entered a loan office in the nighttime, removed a large filing cabinet containing a safe and $408 in currency; he was involved in several motor-vehicle accidents while he and his confederate were transporting the stolen property in his station wagon and failed to report the accidents as provided by Code sections 321.263 and 321.264.

We find no reversible error of which defendant may complain. We think defendant could and did knowingly waive the filing of a formal charge of larceny to which he offered to plead guilty, consented to the procedure resorted to and was not prejudiced thereby. See as bearing on this State v. Rasmus, 249 Iowa 1084, 1086, 1087, 90 N.W.2d 429, 430, and citations; State v. Hammer, 246 Iowa 392, 400, 66 N.W.2d 490, 494, 495; State v. Roff, 250 Iowa 174, 93 N.W.2d 107.

The trial court's acceptance of this plea to a lesser offense than that charged in the information reduced by half the term for which sentence could be imposed for breaking and entering. We will say, however, the practice of accepting a plea to a charge other than that contained or included in the county attorney's information or indictment, without the filing of a formal charge of the crime to which the plea is accepted, is not to be commended.

The judgment is—Affirmed.